**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DORIS KELLEY** | § | |
| | § | |
| | § | |
| **v.** | § | **1:19-cv-169-HSO** |
| | § | **1:17-cr-25-HSO-RHW-1** |
| | § | |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DORIS**
**KELLEY'S MOTION [23] TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE**

**BEFORE THE COURT** is Defendant Doris Kelley's Motion [23] to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28

U.S.C. § 2255. After due consideration of the Motion, related pleadings, the record,

and relevant legal authority, the Court is of the opinion that Defendant's Motion

[23] should be denied without an evidentiary hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY

A.   Defendant's guilty plea

Pursuant to a written Plea Agreement [10] with the Government, on April 10,

2017, Defendant Doris Kelley ("Defendant") pleaded guilty to Counts One and Two

of a two-count Information in this case. Plea Agreement [10]. Count One charged

Defendant with willfully aiding and assisting in, procuring, counseling, and

advising the preparation and presentation to the Internal Revenue Service ("IRS")

of a materially false and fraudulent United States Individual Income Tax Return,

1

Form 1040, in violation of 26 U.S.C. § 7206(2). Information [1] at 1. Count Two charged Defendant with obstructing and impeding the due administration of the internal revenue laws of the United States by means, including but not limited to: (1) converting funds intended as tax payments to the IRS for her own personal use; and (2) filing false income tax returns for herself and for others in order to conceal the aforementioned conversion of funds for her own personal use, all in violation of 26 U.S.C. § 7212(a). *Id.* at 1-2.

The Plea Agreement [10] contained several waivers, including that Defendant

> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
> a. the right to appeal the conviction and sentence imposed in this case, or collaterally attack his [sic] conviction and sentence in any post-conviction proceeding, including but not limited to motions filed under Title 28, United States Code, Section 2255, on any ground, excepting Defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to defendant at the time of the Defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based upon an unconstitutional factor, such as race, religion, national origin, or gender.

Plea Agreement [10] at 6-7.

Under oath during the plea colloquy, Defendant and her attorney declared that the terms of the Plea Agreement [10] and Plea Supplement [11] were read by or to her, explained to her by her attorney, understood by her, and accepted and voluntarily agreed to by her. Plea Hearing Audio [12]. The Court reviewed the

waivers contained in the Plea Agreement [10] with Defendant, and she stated under oath that she fully and completely understood, and knowingly and voluntarily agreed to, all of the waivers and the other terms of the Plea Agreement. *Id.*

The Government recited the factual basis which supported the charges to which Defendant was pleading guilty. *Id.* When queried by the Court, Defendant acknowledged under oath that she understood the Government's factual basis, agreed with it, and agreed that was, in fact, what had occurred. *Id.* Defendant then pleaded guilty to Counts One and Two of the Information, and the Court accepted her plea based upon its finding that hers was a competent, informed, knowing, and voluntary plea supported by an independent basis in fact containing the essential elements of both offenses. *Id.*

On August 2, 2017, the Court sentenced Defendant to a term of 36 months imprisonment as to Count One, and a term of 12 months imprisonment as to Count Two, to run consecutively, for a total term of imprisonment of 48 months; one year of supervised release as to each Count to run concurrently; $519,635.72 in restitution; and a $200.00 special assessment. Min. Entry, Aug. 2, 2017. Judgment was entered on August 9, 2017, J. [18], and amended on August 24, 2017, to correct the report date, Am. J. [19]. Defendant did not file a direct appeal. Because her conviction became final on September 7, 2017, Defendant had until September 7, 2018, to file a timely motion under 28 U.S.C. § 2255. *See* 28 U.S.C. 2255(f); Fed. R. App. P. 4(b)(A).

B.    Defendant's Motion [23] to Vacate

On March 21, 2018, the United States Supreme Court decided *Marinello v. United States*, 138 S. Ct. 1101 (2018), in which it held that two elements were necessary in order to convict a defendant under 26 U.S.C. § 7212(a). *Marinello*, 138 S. Ct. at 1109-10. First, "the Government must show . . . that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." *Id.* at 1109. Second, the administrative proceeding must have been known or "reasonably foreseeable by the defendant." *Id.* at 1110.

On March 21, 2019, Defendant filed a Motion [23] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, along with a Memorandum [24] in Support. Mot. [23]; Mem. [24]. Defendant raises one ground to support her claim that her conviction of the charge in Count 2 should be vacated, namely that her conviction under 26 U.S.C. § 7212(a) is no longer valid based upon the Supreme Court's decision in *Marinello*. Mot. [23] at 4. Defendant argues that:

> [(1)] Petitioner's conviction of violating 26 U.S.C. § 7212(a) should be reversed because she was not instructed that the Petitioner knew she was under investigation and intended to corruptly interfere with that investigation. (2) Petitioner's conviction under 26 U.S.C. § 7212(a) required that the petitioner possess an awareness of a particular IRS action or investigation at the time of the alleged interference, which requirement was not met. (3) To secure a conviction, the government had to show, among other things, that there was a nexus between petitioner's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action, but the required nexus did not apply to routine, day-to-day work carried out in the ordinary course by the IRS.

4

*Id.* Defendant contends that *Marinello* should be applied retroactively and that, because she was not aware of the additional element of the crime in Count Two at the time she entered her guilty plea, her conviction as to Count Two should be set aside. Mem. [24] at 1-2.  Defendant also notes in her Motion [23] that her Plea Agreement [10] contained a waiver of her right to seek post-conviction relief. *Id.* at 4.

This Court entered an Order [25] Requiring Answer by the United States Attorney and Advisory to Defendant, Order [25], and the Government filed a Response [27] in Opposition, Resp. [27]. The Government takes the position that: (1) Defendant specifically waived her right to seek post-conviction relief in her Plea Agreement; (2) Defendant's Motion was untimely filed; and (3) *Marinello* is inapplicable to Defendant's case. *Id.* at 1-2.

## II. DISCUSSION

A.   Legal standard

A prisoner may move to vacate, set aside, or correct her conviction or sentence under 28 U.S.C. § 2255 on any one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Upon a finding that any one of the four grounds for relief exist, the court "shall vacate and set the judgment aside and shall discharge the

prisoner or resentence him or grant a new trial or correct the sentence as may

appear appropriate." 28 U.S.C. § 2255(b).

B.   The timeliness of Defendant's Motion [23]

Pursuant to § 2255, a defendant must file a petition within a one-year period

of limitation, which

> shall run from the latest of--
>     (1) the date on which the judgment of conviction becomes
> final;
>     (2) the date on which the impediment to making a
> motion created by governmental action in violation of
> the Constitution or laws of the United States is removed,
> if the movant was prevented from making a motion by
> such governmental action;
>     (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>     (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2255(f).

It is undisputed that Defendant's petition was filed more than one year after

her conviction became final. Defendant does not assert that her Motion [23] is

timely under subsection (f)(1), (2), or (4). Rather, she argues that subsection (f)(3)

applies because the Supreme Court's decision in *Marinello* is a right newly

recognized by the Supreme Court and made retroactively applicable to cases on

collateral review. Mot. [23] at 4. If Defendant is correct, then her Motion [23] would

be timely. *Marinello* was decided on March 21, 2018, and Defendant filed her

Motion on March 21, 2019. *Marinello*, 138 S. Ct. at 1101; Mot. [23] at 12. However,

the Court need not resolve this question because even if *Marinello* applied
retroactively to Defendant's case, she validly waived the right to seek collateral
review in her Plea Agreement [10], barring her claim.

C.   Enforcement of plea agreement waivers

The Government takes the position that Defendant waived her right to seek
post-conviction relief in her Plea Agreement [10] and it seeks to enforce that waiver.
Resp. [27] at 1-2. A guilty plea entered knowingly and voluntarily serves as an
effective waiver of all non-jurisdictional defects in the proceedings up to that point.
*Lantz v. United States*, 417 F.2d 329, 330 (5th Cir. 1969); *see also Henderson v.
United States*, 395 F.2d 209, 210 (5th Cir. 1968). Where a defendant has waived the
right to collaterally attack his conviction and sentence and there are new
developments in the law, the Fifth Circuit has held that "a voluntary plea of guilty
intelligently made in the light of the *then applicable law* does not become
vulnerable because later judicial decisions indicate that the plea rested on a faulty
premise." *United States v. Barnes*, 953 F.3d 383, 387 (5th Cir. 2020), *cert. denied
sub nom. Barnes v. United States*, No. 20-5432, 2020 WL 5883752 (U.S. Oct. 5,
2020) (emphasis added) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)).

A defendant need not "underst[and] all the possible eventualities that could,
in the future, . . . allow[ her] to challenge [her] conviction or sentence. [Her] waiver
only needed to be 'knowing,' not 'all-knowing.'" *Barnes*, 953 F.3d at 388. In other
words, when a defendant waives the right to seek post-conviction relief, she
"assume[s] the risk that [s]he would be denied the benefit of future legal

7

developments." *Id.* (quoting *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017)). In *Barnes*, the Fifth Circuit considered whether a collateral-review waiver in a plea agreement barred an appeal where the defendant argued that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered his waiver unenforceable. *Id.* at 386. The defendant asserted that *Johnson*, decided after the defendant was sentenced, made his sentence unconstitutional or illegal such that he could not have waived the right to challenge his sentence. *Id.* He further contended that he could not have waived a right unknown to him at the time the waiver provision in his plea agreement was executed. *Id.* Without considering whether *Johnson* did, in fact, render the defendant's sentence unconstitutional or illegal by way of retroactive applicability, the Fifth Circuit held that the defendant had knowingly and voluntarily waived his right to seek post-conviction relief and had assumed the risk of future legal developments to his benefit. *Id.* at 388.

In this case, Defendant expressly waived in her Plea Agreement [10] the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including but not limited to a motion brought under § 2255. Plea Agreement [10] at 6-7. Defendant "reserve[d] the right to raise ineffective assistance of counsel claims," and she also retained the

> right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to defendant at the time of the Defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based upon an unconstitutional factor such as race, religion, national origin, or gender.

*Id.* at 6. Defendant plainly did not reserve her right to challenge her conviction due to a new Supreme Court decision interpreting the statute.

Defendant does not assert in her Motion [23] any claim involving ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, or a sentence based on an unconstitutional factor. *See* Mot. [23]. Instead she relies solely on the Supreme Court's decision in *Marinello*. *Id.* at 2; Mem. [24] at 1-2. However, the record is clear that Defendant was aware of the applicable law at the time she entered into the Plea Agreement [10], which did not require the Government to prove that she was aware of an ongoing administrative proceeding. The then-applicable law is the law that is relevant for purposes of determining whether Defendant's waiver of post-conviction relief was knowing. *See Barnes*, 953 F.3d at 388.

During the change of plea hearing before this Court, Defendant answered under oath that she had an opportunity to read and discuss the Plea Agreement with her attorney and ask any and all questions she had about the Plea Agreement, and that she fully understood the terms of the Plea Agreement. The Government also reviewed with Defendant the highlights of the Plea Agreement, including the waiver of the right to seek post-conviction relief, and Defendant responded under oath that she understood and agreed with the terms of the Plea Agreement, including the waiver of post-conviction relief. The Court asked specifically whether Defendant understood that she was waiving her right to seek post-conviction relief and she answered in the affirmative.

Nothing in the record indicates that Defendant's guilty plea was not knowing, voluntary, or intelligent at the time she entered it, and her claim here is encompassed by the waiver. Defendant acknowledged under oath that she understood the rights she was waiving at the time she entered into the Plea Agreement and at the time she entered her guilty plea, and that she understood the essential elements of the offense charged in County Two under 26 U.S.C. § 7212(a) at the time. The fact that the Supreme Court in *Marinello* later interpreted § 7212(a) as requiring the additional elements of nexus and knowledge does not change the knowing and voluntary nature of Defendant's waiver at the time of her plea. *Barnes*, 953 F.3d at 387 (holding that a defendant need not "underst[and] all the possible eventualities that could, in the future, . . . allow[ her] to challenge [her] conviction or sentence. [Her] waiver only needed to be 'knowing,' not 'all-knowing'"). Defendant's Motion is foreclosed by the waiver in the Plea Agreement of the right to seek post-conviction relief under § 2255, and her Motion [23] should be denied. *Id.*

### III. CONCLUSION

Because the Motion, files, and records conclusively show that Defendant is entitled to no relief, the Court finds that Defendant's Motion [23] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant
Doris Kelley's Motion [23] to Vacate, Set Aside, or Correct Sentence by a Person in
Federal Custody, filed pursuant to § 2255, is **DENIED** without an evidentiary
hearing.

**SO ORDERED AND ADJUDGED**, this the 20th day of November, 2020.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

11